IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01113

VAHE OHANESSIAN, DDS,
MICHAEL MODABERPOUR,
ARBI BARSEGHIAN,
VAROOJAN OHANESSIAN, and
ALRED TERTERYAN,

      Plaintiffs,

v.

GREGORY PUSEY,
JEFFREY McGONEGAL, and
THOMAS R. MARINELLI,

      Defendants.
_____

**ORDER re Docs. 5 and 18**
_____

KANE, J.

      Individual investors in an advanced technology security services company originally filed suit in the California Superior Court, asserting state statutory and common law securities fraud claims against the company, an underwriter and certain Colorado-based company officers, as well as additional claims for negligent misrepresentation and breach of fiduciary duty against the individual officers directly. Plaintiffs' claims were premised on allegations that they had been fraudulently induced over a two-year period to make repeated purchases of company stock based on continuing misrepresentations regarding the nature and commercial viability of the company's video surveillance and personal pepper-spray launching products. The products ultimately proved unviable and

Plaintiffs' shares were rendered worthless.

When the California court dismissed the Colorado-based Defendants for lack of personal jurisdiction, Plaintiffs filed a second action based on the same allegations in the District of Colorado.  Plaintiffs named the two Colorado-based corporate officers who had been sued originally in California, Jeffrey McGonegal and Gregory Pusey, and adding a third officer, Marinelli, based on facts they claim to have learned during the course of discovery in the California state court action.  The matter is before me on separate Motions to Dismiss filed by Marinelli on the one hand (Doc. 5), and McGonegal and Pusey on the other (Doc. 18).

This case is in a difficult posture given the pendency of largely duplicative actions in two jurisdictions.  The California case is ongoing:  Plaintiffs' claims survived dismissal (although this was in a summary bench ruling and not based on any written analysis of the arguments), discovery has been completed, and the claims are now pending before the state superior court judge on summary judgment.  *See* Status Reports (Docs. 31 (Defs.) and 32 (Pls.)), filed Feb. 4, 2010. Certain of Plaintiffs' claims, in particular those asserted under the California Corporate Code, are of unique and specific interest in California.  Plaintiffs, whose investment dollars were solicited by a nationally traded entity in a public offering, are California citizens.  Choice of law issues – none of which I find dispositive under applicable authority – nevertheless abound.  More importantly, I find several of Defendants' 12(b)(6) arguments in support of dismissal to be largely meritorious.  Specifically, I agree claims premised on Defendants' alleged breaches of corporate duties

of care and due diligence, which Plaintiffs claim led to a devaluation of their stock, are derivative in nature under either California or Colorado law and cannot be maintained in a direct action as pleaded.[1]  Likewise Plaintiffs' holding claims – premised on the assertion that Plaintiffs were defrauded into holding, rather than selling, their SWAT shares as a result of Defendants' various misrepresentations – are vague and without basis on the facts actually alleged under either state's law.[2]  As for Plaintiffs' fraud claims premised on alleged misrepresentations in the SWAT Prospectus and related public filings, I agree that Plaintiffs' allegations fall short of the specificity required under Fed. R. Civ. P. 9(b) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S .Ct.1937 (2009).[3]

---

[1]   Under the facts alleged, it is the corporation, through the devaluation of its stock, that has suffered direct injury as a result of Defendants' alleged breaches of their corporate duties, and any remedy pursued must be by the corporation itself or on its behalf by all shareholders in a derivative action.  *See Nicholson v. Ash*, 800 P.2d 1352, 1356-57 (Colo. Appl. 1990); *Schuster v. Gardner*, 25 Cal.Rptr.3d 468, 473-74 (Cal. App. 2005)(under California law, a shareholder cannot bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his stock – the corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf).  A different rule would "'authorize multitudinous litigation and ignore the corporate entity.'"  *Id.* (quoting *Sutter v. General Petroleum Corp.*, 17 P.2d 898 (Cal. 1946)).

[2]   None of the Plaintiffs identifies, or even alleges, an instance where he actually planned to sell his SWAT stock but refrained from doing so in reliance on a specific fraudulent misrepresentation of a Defendant.  Without allegations of fact tending to demonstrate actual reliance, neither California nor Colorado courts will provide a cause of action for fraudulent "holding," as asserted by Plaintiffs here.  *See Marietta Small v. Fritz Cos., Inc.* 65 P.3d, 1255 (Cal.2003); *Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 875 (Colo. 2002).

[3]   In contrast, certain of Plaintiffs' remaining fraud claims, in particular those premised on the emails and investment pitches directed personally by Pusey to Vahe Ohanessian in an effort to keep him and his California colleagues investing in SWAT, are likely sufficiently supported to survive dismissal under Rule 9(b) and *Iqbal*.  Suffice it to say that neither side is without risk in proceeding with this litigation.

With the exception, perhaps (depending on the facts capable of being pleaded) of Plaintiffs' holding and derivative claims, none of the identified flaws in Plaintiffs' Complaint is fatal and dismissal would be without prejudice. Leave will be granted for Plaintiffs to amend their Complaint, with the admonition that holding claims should not be included unless supported by specific allegations of actual and individual reliance, and claims based on breaches of corporate duties of care and good faith may only be filed as properly perfected derivative claims. Plaintiffs' fraud claims generally suffer from fatal imprecision and must be supported by specific facts to survive under Rule 9(b) and *Iqbal*, tying individual Defendants, to demonstrably false misrepresentations, which were directed at and relied upon by each individual Plaintiff. Allegations of generalized misrepresentations being directed "by Defendants" to "Plaintiffs" on which "Plaintiffs" relied will not survive dismissal, and the next time, dismissal will be with prejudice.

However, given the pendency of the California state action and the duplicative nature of the claims there, it is in the interest of comity and economy to allow those proceedings to progress without dividing the parties' attention. Accordingly, Plaintiffs shall refrain from filing any amended Complaint for a period of 60 days, during which time the parties shall keep me apprised of the California state court proceedings through the submission of Joint Status Reports.

Based on the foregoing, the Motions to Dismiss of Thomas Marinelli (Doc. 5) and Jeffrey McGonegal and Gregory Pusey (Doc. 18) are GRANTED, and Plaintiffs' claims are DISMISSED, without prejudice. If Plaintiffs wish to file an Amended Complaint

adhering to the guidelines articulated above, they may do so by seeking leave, which will be freely given, on or within ten days after April 27, 2010.  The parties shall file JOINT STATUS REPORTS on March 12, 2010, and April 16, 2010, setting forth the status of the California action, their progress, if any, toward resolving their dispute, and raising any other issues they believe important for me to consider.

Dated February 25, 2010.

                 **s/John L. Kane**
                 SENIOR U.S. DISTRICT JUDGE